UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:12-CR-123-T-17TGW

LUIS CAMPO.

_____/

ORDER

This cause is before the Court on:

Dkt. 159   Unopposed Motion for Early Termination
of Supervised Release

Defendant Luis Campo moves for early termination of supervised release.

Defendant Luis Campo pleaded guilty to Count One of the Indictment, charging a violation of 21 U.S.C. Sec. 846, 841(a)(1) and 841(b)(1)(B)(ii), conspiracy to possess with intent to distribute 500 grams or more of cocaine. (Dkt. 58).

Defendant Campo was sentenced on August 6, 2012. (Dkts. 102, 109). The Government moved to reduce Defendant Campo's sentence. (Dkt. 129). The Court conducted a hearing on January 4, 2013, and granted the Motion to Reduce Sentence. An Amended Judgment was entered (Dkt. 158), in which Defendant Campo was sentenced to a term of incarceration of 30 months, followed by a term of supervised release of 24 months.  Defendant Campo was placed on supervised release on January 24, 2015.

The Government and the U.S. Probation Office do not object to Defendant Campo's Motion for Early Termination of Supervised Release, and the relief requested by Defendant Campo.

Case No. 8:12-CR-123-T-17TGW

After an analysis of the factors considered in 18 U.S.C. Sec. 3553(a), the Court may terminate supervised release at any time after one year of supervised release, when the Court is satisfied that termination is warranted by the defendant's conduct and is in the interest of justice, pursuant to 18 U.S.C. Sec. 3583(e)(1). See United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006).

The § 3553(a) factors that the Court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and sentencing range established for the applicable category of offense committed, as set forth in the Sentencing Guidelines; (6) pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)—(D), (a)(4)—(7). However, "the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendant committing the same types of crimes are all also considerations related to supervised release." U.S. v. Reagan, 162 Fed. Appx. 912, 914 (11th Cir. 2006).

After consideration of the relevant Sec. 3553(a) factors, and in light of the absence of objection by the Government and the U.S. Probation Office, the Court is satisfied that early termination is warranted by Defendant's conduct and is in the interest of justice. Accordingly, it is

Case No. 8:12-CR-123-T-17TGW

**ORDERED** that Defendant Campo's Motion for Early Termination of Supervised Release (Dkt. 159) is **granted**, and Defendant Campo is discharged from supervision.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 26th day of January, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record
U.S. Probation Office